IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00093–REB–KMT

CAREY W. BROOKER, and
LENORA RENEE BROOKER,

      Plaintiffs,

v.

RUSSELL JAY GOULD, Plenipotentiary Judge for the Witnessing of the Parse-Syntax-Grammar of the Vassalees-Fraudulent-Parse-Syntax-Grammar-Documents,
PEAKVIEW MORTGAGE PROFESSIONALS, INC.,
MORTGAGE ELECTONIC [*sic*] SYSTEMS, INC.,
LAS ANIMAS COUNTY PUBLIC TRUSTEE,
DONNA LEONETTI,
ARONOWITZ & MECKLENBURG, LLP, registered agent,
ROBERT J. ARONOWITZ,
BAC HOME LOANS SERVICING, LP, United States Public Trustee of Las Animas County; Donna Leonetti Treasurer; BAC Home Loans Servicing, LP,
MERS CORP.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
FANNIE MAY,
UNIVERSAL LENDING CORPORATION, Peakview Mortgage Professionals, Inc; and
LAS ANIMAS COUNTY COURT, actually named as County Court, Las Animas County, Colorado,

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Magistrate Judge Kathleen M. Tafoya**

      This case comes before the court *sua sponte* on review of the docket and Plaintiffs'

failure to respond to this court's Order to amend their Complaint.

On January 13, 2012, Plaintiffs paid their $350.00 filing fee and filed their *pro se* Complaint, which is thirty-eight pages long. (Doc. No. 1.) On January 18, 2012, this court issued an Order Directing Plaintiffs to File Amended Complaint. (Doc. No. 5.)

In its Order, this court advised Plaintiffs that their Complaint was deficient because Plaintiffs did not use the Court-approved Complaint form that *pro se* litigants are required to use under Rule 8.1A of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil. (*Id.*) Pursuant to Local Rule 8.1A., "[a] *pro se* party shall use the forms established by this court to file an action." The court further advised Plaintiffs that their Complaint did not comply with the pleading requirements of Fed. R. Civ. P. 8. (*Id.*) The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that Plaintiffs are entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix,

vague, or unintelligible pleadings violate the requirements of Rule 8.  The court found that Plaintiffs' Complaint fails to set forth a short and plain statement of their claims showing that they are entitled to relief.  Additionally, this court found that Plaintiffs' claims are unnecessarily verbose and unintelligible.

The court directed Plaintiffs to file, on or before February 17, 2012, an amended complaint complying with Rule 8.1A. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil and complying with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  (Doc. No. 5.)  The Clerk of the Court provided Plaintiffs, along with a copy of the court's Order, two copies of the Court-approved form for filing a Complaint.  This court advised Plaintiffs that if they failed to file an Amended Complaint, as directed, this court would recommend that this action be dismissed without further notice.  (*Id.*)

Plaintiffs have failed to file an amended complaint in this matter.  Rather, Plaintiffs have filed an identical case in this court.  (*See* Civil Action No. 12-cv-00548-REB-KMT.)  Plaintiffs' Complaint runs afoul of Local Rule 8.1A. and Fed. R. Civ. P. 8.  Plaintiffs have failed to cure these deficiencies, despite being given more than adequate opportunity to do so.  A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that Plaintiffs' Complaint be dismissed, without prejudice, for failure to comply with Local Rule 8.1A. and Fed. R. Civ. P. 8.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 28th day of March, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge